GEORGE DAVENPORT, appellant, *v.* HEZEKIAH H. GEAR, administrator, and SOPHIA FARRAR, administratrix of the estate of AMOS FARRAR, deceased.

*Appeal from Jo Daviess.*

The law in relation to partnership transactions is well settled, that one partner cannot bring an action of assumpsit against his late copartner, unless, upon the dissolution of the copartnership, the partners account together, and, a balance being stated in favor of one, the other expressly promises payment. The balance so found must be a final balance of all the partnership accounts; balances, which are struck preparatory only to a final account, are not sufficient to form the subject matter of an action.

An action against D., for money had and received to the plaintiffs' use, is not sustained by proof that money was received by D. & G. and others, under an act of Congress, in payment of certain Indian debts due D. & G.; and that the plaintiff and D. & G. were members of a firm engaged in the Indian trade, and had outstanding Indian debts.

THIS cause was tried at the October term, 1839, of the Jo Daviess Circuit Court, before the Hon. Dan Stone and a jury. Verdict and judgment were rendered for the plaintiffs for $9233,33, damages, with costs of suit. The defendant appealed to this Court.

S. STRONG and S. T. LOGAN, for the appellant, relied upon the following points and authorities :

First, The declarations of Farnham, after the dissolution of the partnership as testified to by witness, were improperly received in evidence. Hopkins *v.* Banks, 7 Cowen 650 ; Baker *v.* Stackpool, 9 Cowen 420 – 429 ; 1 Peters 371.

Secondly, The suit is brought by the representatives of one partner, and the matter in controversy is a partnership transaction ; and a suit at law cannot be maintained. Westerlo *v.* Evertson, 1 Wendell 532 ; Musier *v.* Trumpbone, 5 Wendell 274 ; Atwater *v.* Fowler, 1 Hall 180 ; Gow on Partnership 88 ; Collyer on

Partnership 152, 153 ; Murry *v.* Mumford, 6 Cowen 441 ; 7 Wheeler's Am. Com. Law 227 ; 3 Johns. Dig. 447, § 71 – 73.

Thirdly, There was no sufficient evidence of the receipt of money by defendant, belonging to the estate of Farrar.

Fourthly, The Court ought to have nonsuited the plaintiffs.

GEORGE T. M. DAVIS, J. BUTTERFIELD, and G. SPRING, for the appellees.

Authorities cited for appellees : 9 Cowen 420 ; 3 Johns. 525 ; 5 Term R. 422 – 426 ; 5 Johns. 136 – 138, and note ; 1 Wend. 532 ; 3 Pick. 420 – 423 ; 11 Pick. 79 ; 6 Pick. 179 ; Collyer on Partn. 153 ; 5 Wend. 274 ; R. L. 135, § 17 ; Gale's Stat. 153.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought by Gear and Farrar, administrator and administratrix of Amos Farrar, deceased, to recover $10,000, on an account stated, and for so much money had and received by Davenport, for the use of plaintiffs' intestate ; said money belonging to him out of the appropriation made by an act of Congress, of $40,000, granted to Davenport and one Russel Farnham, since deceased, by virtue of the fifth article of the treaty of 21st of September, 1832, concluded at Rock Island, between the Sac and Fox Indians and the United States, which treaty was ratified on the 13th February, 1833.

To the declaration the defendant below pleaded *non assumpsit*.

On the trial of the cause, the plaintiffs read the 5th article of the treaty between the Sac and Fox Indians and the United States, by which it appears, " That the United States, at the earnest request of the said confederate tribes, further agreed to pay to Farnham and Davenport, Indian traders at Rock Island, the sum of $40,000, without interest, which sum will be in full satisfaction of the claim of the said traders against the said tribes, and by the latter was, on the tenth day of July, 1831, acknowledged to be justly due, for articles of necessity furnished in the course of the seven preceding years, in an instrument of said date, duly signed by the chiefs and head men of said tribes."

The plaintiffs also read a law of Congress, approved 2d March, 1833, entitled, " *An Act making Appropriations to carry into effect certain Indian Treaties, and for other purposes, for the year 1833.*" In which act there is an item of appropriation of $40,000, to pay the sum granted to said Davenport and Farnham, by the treaty above mentioned.

The plaintiffs then introduced a witness, who gave evidence which tended to prove, among other things, that in 1826, Farrar, Davenport, and Farnham, were partners in a trading establish-

ment with the Sac and Fox Indians, on Fever river, where Galena is now situated ; that said persons continued in said Indian trade, as partners, until the year 1829, when they agreed to close their concerns, and make a settlement of all their accounts, which was accordingly done, as the witness understood from the said parties ; and the partnership was dissolved, by mutual consent.

That witness understood from said parties, at that time, that all their partnership affairs were closed except the bills due by said parties at that time, and except the debts due by said Sac and Fox Indians, growing out of the said trade, which debts were commonly called Indian credits, and amounted to, as said partners told witness, from sixteen to twenty thousand dollars. Witness thought $ 20,000. The witness stated he did not know who were the partners at the other trading posts. That it was stated that there was one at Rock Island, superintended by Davenport, one at Flint Hill, under the control of Farnham, and one on Fever river, managed by Farrar, each of which persons, the witness understood, was individually interested to the amount of one third, in each establishment.

The witness also testified, that on the settlement of the accounts of said Fever river establishment, in 1829, there were debts due said concern by white persons, who had traded with the establishment, as well as the Indians, which were then outstanding.

Another witness for plaintiffs, among other things, testified that he was told in 1829, by Farnham, that the partnership was dissolved. Farnham also said Farrar came poor, but that he would come out well, when he got his share of the allowance to be made to the Sacs and Foxes. That the name of the firm, till 1826, was " Davenport & Farrar," and from that time till 1829, it was " Davenport, Farrar, & Co. ; " witness further testified to some declarations of Davenport, tending to show that Farrar had an interest in the debts due from the Indians to the Fever river establishment, and that the Indians had agreed to allow $20,000, as due to that establishment.

The plaintiffs then read a deposition in evidence, by which it appears that the $40,000, mentioned in the treaty and law above mentioned, belonged to, and was received by, the American Fur Company, and George Davenport, and Russel Farnham ; but the deponent did not know for what it was appropriated.

After the plaintiffs had closed their evidence, and rested their cause, the defendant's counsel asked the Court to instruct the jury by way of nonsuit, for the following reasons : First, That the said plaintiffs show, by their evidence, that the money sued for, arose out of partnership transactions between plaintiffs' intestate and defendant, and that it is such a case as comes within the rules

of law, that one partner cannot sue his copartner, at common law, for money had and received in *indebitatus assumpsit.*

Secondly, That there was no evidence before the jury, of defendant's having had and received any money for the use of Amos Farrar, deceased.

Thirdly, That one partner cannot sue another in this form of action, where there was another partner joined in the contract sued on, and who has since deceased.

These instructions the Court refused ; to which the defendant excepted.

Numerous errors have been assigned ; it is, however; only necessary to notice the following one, to wit : That the Court erred in refusing to instruct the jury as in case of nonsuit. The law in relation to partnership transactions is well settled, that one partner cannot bring an action of assumpsit against his late copartner, unless, upon the dissolution of the copartnership, the partners account together, and, a balance being stated in favor of one, the other expressly promise payment. The balance so found must be a final balance of all the partnership accounts ; balances which are struck, preparatory only to a final account, are not sufficient to form the subject matter of an action.

The rule above laid down is the law of England, and has received the sanction of the courts in several of the States. In Pennsylvania, where they have no courts of equity, the courts have decided that where accounts between partners have been settled, and a balance struck, which is the act of both parties, the action of assumpsit may be maintained, without an express promise to pay. This is the furthest that any Court has gone in sustaining the action of *assumpsit,* in favor of one partner against his copartner. Testing the case at bar by these principles, the evidence on the part of the plaintiffs' below, was wholly insufficient to sustain the action. The first witness introduced by the plaintiffs, only proved that the copartners informed him that their partnership affairs were closed, except bills due from the parties, and the debts due from the Sac and Fox Indians, which were supposed to amount to from $16,000 to $ 20,000. The same witness also stated that there were debts due the firm from white persons, who had traded at the Fever river establishment.

This evidence also proves the dissolution of the firm, and that debts were due to and from the firm.

There was no specific sum found due from one partner to another, and no promise to pay ; consequently, whether the rule that an express promise to pay the sum found due on settlement be considered the correct rule or not, will make no difference. We are, however, inclined to the opinion, that a promise to pay is essential to entitle one partner to sue his copartner,

The testimony of the second witness is equally defective. He only relates loose statements of Davenport, that Farrar had an interest in the Indian debts due the Fever river establishment ; he does not prove a final settlement of the partnership accounts, and a promise to pay a specific sum to the plaintiffs' intestate.

The deposition introduced by the plaintiffs, only proves that the $ 40,000, appropriated by the act of Congress, to Davenport and Farnham, was received by the American Fur Company, and Davenport and Farnham ; the witness did not know for what the appropriation was made. Neither the act of Congress, nor the treaty, state the sum of $ 40,000, appropriated to Davenport and Farnham, embraced the debts due the firm of Davenport, Farrar, & Co., at Fever river ; consequently, the count for money had and received is not sustained by the deposition. It does not even appear from this deposition, how much money was paid to Davenport.

The testimony, consequently, was improperly suffered to go to the jury.

The judgment is therefore reversed with costs, and a judgment of nonsuit entered.

*Judgment reversed.*